# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JOSEPH DECKER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 18−cv−02041−JPG |
| RANDOLPH COUNTY JAIL, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Joseph Decker, a detainee at Randolph County Jail ("Jail") located in Chester, Illinois, filed this *pro se* action for deprivations of his constitutional rights under 28 U.S.C. § 1331. (Doc. 1). According to the Complaint, Plaintiff was exposed to contaminated drinking water at the Jail on October 16, 2018. (Doc. 1, p. 6). He became ill and suffered from diarrhea and vomiting. *Id*. Plaintiff seeks money damages against the Jail. (Doc. 1, p. 7).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The Complaint does not survive preliminary review under this standard.

## Discussion

Based on the allegations, the Court finds it convenient to divide the *pro se* action into the following enumerated count:

**Count 1:** Defendant subjected Plaintiff to unconstitutional conditions of confinement at the Jail by providing him with contaminated drinking water on or around October 16, 2018.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

The Complaint fails to state a claim upon which relief may be granted against the Jail. As an initial matter, the Court questions whether Plaintiff should have brought this claim pursuant to 42 U.S.C. § 1983, instead of 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971). Section 1983 imposes tort liability on state actors, and sometimes their employers, for violations of federal rights. *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013). *Bivens* provides a private cause of action for damages against federal officials for constitutional torts. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Plaintiff brings this action pursuant to § 1331 and *Bivens*, presumably because he is a federal pretrial detainee or prisoner who was housed at the Jail. Section 1983 likely provides the proper avenue to relief regardless because claims against local officials are generally brought pursuant to § 1983, even when raised by federal detainees. *Belbachir*, 726 F.3d at 978.

With that said, § 1983 and *Bivens* are "conceptually identical and further the same policies." *Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978). Liability under both hinges on personal responsibility for a constitutional deprivation. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (§ 1983); *Del Raine v. Williford*, 32 F.3d 1024, 1047 (7th Cir. 1994)

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

(*Bivens*). In other words, "an individual defendant must have caused or participated in a constitutional deprivation." *Id*. But the Jail is not a "person" within the meaning of § 1983 or *Bivens*. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). It is not even a legal entity and is therefore not amenable to suit. For this reason, the Jail shall be dismissed with prejudice.

Even if the proper legal entity was named, § 1983 imposes additional hurdles to actions against governmental agencies that Plaintiff has not cleared. *See, e.g., Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Unless he does so, Plaintiff cannot proceed with this action. Therefore, the Complaint shall be dismissed without prejudice, and Plaintiff shall have an opportunity to address these issues in an amended complaint.

If Plaintiff chooses to amend, he should list the defendants who deprived him of his constitutional rights in the case caption. He should then "[s]tate . . . as briefly as possible, when, where, how, and by whom [his] constitutional rights were violated" by each defendant. (Doc. 1, p. 6). Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors and the conduct giving rise to this action. Failure to comply with the instructions or deadline in this Order shall result in dismissal of this action with prejudice. *See* FED. R. CIV. P. 41(b).

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint, including **COUNT 1**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendant **RANDOLPH COUNTY JAIL** is **DISMISSED** with prejudice. The Clerk of Court is **DIRECTED** to terminate this party in CM/ECF.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **February 11, 2019** . Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 18-cv-02041-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court generally will not accept piecemeal amendments to the original Complaint. The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with it. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: 1/14/2019**

    s/J. Phil Gilbert
**United States District Judge**