# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH DECKER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18−cv–02041−JPG |
| RANDOLPH COUNTY JAIL, JASON JUENGER, and SHANNON WOLFF, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Joseph Decker. (Doc. 7). Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at Randolph County Jail ("Jail") on October 17, 2018. (Doc. 7, p. 6). Plaintiff alleges that inmates became ill after consuming contaminated drinking water on that date. He later learned that a countywide boil order was in effect, but no one told the inmates. (*Id*.). Plaintiff seeks money damages against the Randolph County Jail, Jail Administrator, and Sheriff. (Doc. 7, p. 7).

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

### First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 7, p. 6): On or around October 17, 2018, inmates at Randolph County Jail became ill after drinking contaminated water. No one informed them of a countywide boil order that was in effect. Some of the inmates suffered from vomiting and diarrhea. Plaintiff blames Randolph County Jail, Sheriff Shannon Wolff, and Jail Administrator Jason Juenger for violating his constitutional right to a "healthy environment" under Illinois law. (*Id.*).

The Court previously designated a single claim in this *pro se* action, which is slightly modified based on the allegations in the First Amended Complaint as follows:

> **Count 1:** Defendant subjected Plaintiff to unconstitutional conditions of confinement at the Jail by providing him with contaminated drinking water on or around October 17, 2018, in violation of his constitutional rights under Illinois state law.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any claim that is mentioned in the First Amended Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Discussion

The First Amended Complaint does not survive preliminary review. Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, but he identifies no violation of his *federal* constitutional rights. (Doc. 7, p. 6). Count 1 is based on an alleged violation of his *state* constitutional rights. (*Id.*). Absent any federal claim, the Court declines to exercise supplemental jurisdiction over this matter. *See* 28 U.S.C. § 1367(c)(2) (authorizing district court to decline

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

supplemental jurisdiction over state law claim that substantially predominates over claim(s) giving rise to original jurisdiction).

Even if Plaintiff pursued a claim for money damages based on a violation of his *federal* constitutional rights, the First Amended Complaint would still be subject to dismissal. Plaintiff seeks money damages against the county jail, but the jail is not a "person" subject to a suit for money damages under Section 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). In fact, the Jail is not even a legal entity and is not amenable to suit.

Second, Plaintiff pursues money damages against the jail administrator and sheriff based on a theory of *respondeat superior* liability, which is not recognized under Section 1983. Liability instead hinges on personal involvement in or responsibility for a constitutional deprivation. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). In other words, each defendant must have caused or participated in the violation of Plaintiff's constitutional rights. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Plaintiff baldly asserts that the jail administrator "holds a responsibility of the inmates safety." (Doc. 7, p. 6). He adds that the sheriff is "responsible" for the jail and the safety of the inmates. (*Id*). Plaintiff's claim against both of these defendants hinges on their supervisory role—not on their knowledge, awareness, or involvement in the deprivation of Plaintiff's constitutional rights. In other words, Plaintiff proceeds against both officials based solely on a theory of *respondeat superior* liability, which he cannot do. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("[T]o recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

Plaintiff's bald assertions of "responsibility" do not support a claim against Jail

Administrator Jason Juenger or Sheriff Shannon Wolff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (complaint must describe "more than a sheer possibility that a defendant has acted unlawfully"). The allegations simply do not suggest that either defendant was aware that a boil order was in effect before inmates consumed contaminated water and nevertheless failed to inform them of the contamination. The First Amended Complaint relies on conclusory and bald assertions of responsibility and cannot proceed against either of these individuals.

The First Amended Complaint also states no claim against the county. In order to do so, a plaintiff must allege that the constitutional deprivations resulted from an official policy, custom, or practice of the county. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). The allegations point to no such policy, custom, or practice that resulted in Plaintiff's consumption of contaminated water at the jail on or around October 17, 2018.

Finally, the Court finds no violation of Plaintiff's federal constitutional rights in this case. Plaintiff complains of exposure to contaminated water for a single day. He describe no symptoms that he actually suffered or medical treatment that he was denied. Plaintiff also does not state or suggest that the defendants were aware of the countywide boil order *before* he was exposed to the contaminated water and decided not to tell him about it.

For the reasons set forth herein, the First Amended Complaint does not survive screening under 28 U.S.C. § 1983. Accordingly, the First Amended Complaint and this action shall be dismissed with prejudice for failure to state a claim upon which relief may be granted. Plaintiff shall receive one of his three allotted "strikes" under 28 U.S.C. § 1915(g). This Order does not preclude Plaintiff for pursuing relief in Illinois state court.

**Disposition**

**IT IS HEREBY ORDERED** that the First Amended Complaint (Doc. 7) does not survive preliminary review under 28 U.S.C. § 1915A and is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. This includes **COUNT 1** against Defendants **RANDOLPH COUNTY JAIL, JASON JUENGER,** and **SHANNON WOLFF**.

Plaintiff is **ADVISED** that this dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 4/1/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**